IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. NO. 1:18-cr-469-WKW-SMD |
| | ) | [18 U.S.C. § 844(i); |
| SYLVIO JOSEPH KING and | ) | 26 U.S.C. § 5861(d); |
| ASHLEY NICOLE HAYDT | ) | 18 U.S.C. § 4] |
| | ) | |
| | ) | SUPERSEDING INDICTMENT |

The Grand Jury charges:

## COUNT 1
(Conspiracy)

Beginning at an unknown time and continuing to on or about October 23, 2017, in Houston County, within the Middle District of Alabama, and elsewhere, the defendants,

**SYLVIO JOSEPH KING and
ASHLEY NICOLE HAYDT,**

did knowingly and intentionally combine, conspire, and agree with each other to maliciously damage and destroy, and attempt to damage and destroy, by means of fire and explosive, a vehicle used in interstate and foreign commerce and in activities affecting interstate and foreign commerce, to wit: a GMC 2500 Truck owned by Danco Industrial Contractors, Inc., in violation of Title 18, United States Code, Sections 844(i) and 371.

### OVERT ACTS

In furtherance of the conspiracy and to effect the objects of the conspiracy, the following overt acts, among others, were committed in the Middle District of Alabama, and elsewhere:

a) On or about September 20, 2017, the defendant, Sylvio Joseph King, purchased Pyrodex gunpowder for the purpose of constructing a destructive device.

b) On or about September 26, 2017, the defendant, Sylvio Joseph King, purchased galvanized steel pipe and other hardware for the purpose of constructing a destructive device.

c) On or about October 14, 2017, the defendant, Sylvio Joseph King, purchased an Everstart battery for the purpose of constructing a destructive device.

d) On or about October 17, 2017, the defendant, Sylvio Joseph King, purchased Estes brand Pro Series II Sonic Ignitors for the purpose of constructing a destructive device.

## COUNT 2
(Malicious Use of an Explosive – Aiding and Abetting)

On or about October 23, 2017, in Houston County, within the Middle District of Alabama, the defendants,

SYLVIO JOSEPH KING and
ASHLEY NICOLE HAYDT,

each being aided and abetted by the other, did maliciously damage and destroy, and attempt to damage and destroy, by means of fire and explosive a vehicle used in interstate and foreign commerce and in activities affecting interstate and foreign commerce, to wit: a GMC 2500 Truck owned by Danco Industrial Contractors, Inc., which resulted in personal injury to T.D.B., in violation of Title 18, United States Code, Sections 844(i) and 2.

## COUNT 3
(Failure to Register a Destructive Device)

From an unknown date and continuing through on or about October 23, 2017, in Houston County, within the Middle District of Alabama, the defendant,

SYLVIO JOSEPH KING,

2

did knowingly receive and possess a firearm and destructive device, to wit: an improvised explosive device commonly known as a remote control bomb, consisting of a galvanized steel pipe that contained bullets and a mixture of Hodgdon brand Pyrodex and tube shaped smokeless powder, not registered to him in the National Firearm Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

## COUNT 4
(Failure to Register a Destructive Device)

From an unknown date and continuing through on or about October 27, 2017, in Houston County, within the Middle District of Alabama, the defendant,

### SYLVIO JOSEPH KING,

did knowingly receive and possess a firearm and destructive device, to wit: an improvised explosive device commonly known as a directional mine, consisting of aluminum tube with one open end that contained lead shot and a mixture of Hodgdon brand Pyrodex and tube shaped and irregular flattened ball smokeless powders, not registered to him in the National Firearm Registration and Transfer Record, in violation of Title 26, United States Code, Section 5861(d).

## COUNT 5
(Misprison of a Felony)

On or about October 23, 2017, in Houston County, within the Middle District of Alabama, the defendant,

### ASHLEY NICOLE HAYDT,

having knowledge of the actual commission of a felony cognizable by a court of the United States, to wit: Malicious Use of an Explosive, in violation of Title 18, United States Code, Section 844(i), did conceal the same and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States. The defendant

3

concealed the felony by an affirmative act, to wit: receiving evidence of the felony, failing to disclose evidence of the felony, destroying evidence of the felony, and others.

All in violation of Title 18, United States Code, Section 4.

## FORFEITURE ALLEGATION–1

A.      The allegations contained in Counts 1, 2 and 5 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 844(c), 981(a)(1)(G) and 2461.

B.      Upon conviction of the offenses in violation of Title 21, United States Code, Section 844(i) set forth in Counts 1, 2 and 5 of this Superseding Indictment, the defendants,

> SYLVIO JOSEPH KING and
> ASHLEY NICOLE HAYDT,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 844(c), 981(a)(1)(G) and 2461, any and all explosive materials involved or used or intended to be used in any violation of the provisions of Section 844 or any other rule or regulation promulgated thereunder or any violation of any criminal law of the United States. The property includes, but is not limited to, an improvised explosive device commonly known as a remote control bomb and an improvised explosive device commonly known as a directional mine.

C.      If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendants:

(1)     cannot be located upon the exercise of due diligence;

(2)     has been transferred or sold to, or deposited with, a third party;

(3)     has been placed beyond the jurisdiction of the court;

(4)     has been substantially diminished in value; or

(5)     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Sections 844(c), 981(a)(1)(G) and 2461.

## FORFEITURE ALLEGATION-2

A. The allegations contained in Counts 3 and 4 of this Superseding Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c).

B. Upon conviction of the offenses in violation of Title 26, United States Code, Section 5861(d) set forth in Counts 3 and 4 of this Superseding Indictment, the defendant,

SYLVIO JOSEPH KING,

shall forfeit to the United States, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), any firearms involved in the commission of the offenses in violation of Title 26, United States Code, Section 5861(d). The property includes, but is not limited to, an improvised explosive device commonly known as a remote control bomb and an improvised explosive device commonly known as a directional mine.

C. If any of the property described in this forfeiture allegation, as a result of any act or omission of the defendant:

    (1) cannot be located upon the exercise of due diligence;

    (2) has been transferred or sold to, or deposited with, a third party;

    (3) has been placed beyond the jurisdiction of the court;

    (4) has been substantially diminished in value; or

    (5) has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c).

A TRUE BILL:

_____
Foreperson

_____
LOUIS V. FRANKLIN, SR.
UNITED STATES ATTORNEY

_____
Brandon W. Bates
Assistant United States Attorney

_____
R. Randolph Neeley
Assistant United States Attorney

6